**[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 357.]**

THE STATE EX REL. WLWT-TV5 *v.* LEIS, SHERIFF, ET AL.

[Cite as *State ex rel. WLWT-TV5 v. Leis*, 1997-Ohio-273.]

*Public records—Mandamus to compel sheriff's department to provide relator*
*access to investigative file concerning Ohio Brotherhood of Deputy*
*Sheriffs' fundraising activities—Limited writ compelling respondents to*
*provide access to nonexempt records granted and request for records*
*exempt from disclosure under R.C. 149.43(A)(2)(c), work product, and*
*R.C. 149.43(A)(4), trial preparation records, denied.*

(No. 96-141—Submitted October 8, 1996—Decided January 22, 1997.)

IN MANDAMUS.

_____

{¶ 1} The Ohio Brotherhood of Deputy Sheriffs ("Brotherhood"), which previously served as the bargaining agent for over five-hundred Hamilton County corrections officers, engaged in fundraising activities for several years. The Brotherhood sold advertisements in a directory that listed local businesses. In 1994, the Brotherhood conducted its fundraising from a sheriff's substation. After business owners complained about high pressure sales tactics used by the Brotherhood and questioned who benefited from donations to the group, the Hamilton County Sheriff's Department began investigating the Brotherhood in late 1994. The sheriff's department subsequently forwarded its entire investigative file concerning the Brotherhood to the Hamilton County Prosecuting Attorney's Office for review and further investigation. The records in the possession of the sheriff and prosecutor's offices were compiled with the specific intention of preparing for and prosecuting criminal actions.

{¶ 2} As a result of the investigation by the prosecutor's office in July 1995, a Hamilton County grand jury indicted Lynne Patterson, treasurer of an anti-merger

citizens group, on two counts of perjury and one count of election falsification relating to a donation made by the Brotherhood to the anti-merger group in 1994. In October 1995, Patterson pled guilty to one count of election fraud (a reduced charge) and one count of election falsification.

{¶ 3} Since early 1995, relator, WLWT-TV5 ("WLWT"), a Cincinnati television station, requested on several occasions that respondents, Hamilton County Sheriff Simon L. Leis, Jr., and Hamilton County Prosecuting Attorney Joseph T. Deters, provide it with the opportunity to inspect and copy all records in their possession relating to the Brotherhood. Respondents refused WLWT's requests on the basis that the records were exempt from disclosure. WLWT then filed this action for a writ of mandamus to compel respondents to provide access to the requested records.

{¶ 4} In February 1996, as a result of the respondents' investigation, the Brotherhood, its president, Sergeant Theodore Hornsby, and a professional solicitor employed by the Brotherhood, John Henry Taylor, were charged with various criminal misdemeanors relating to the solicitation of funds for charitable purposes. The Brotherhood was charged with failing to file an annual registration statement in violation of R.C. 1716.02 and failing to file an annual financial report in violation of R.C. 1716.04. Hornsby was charged with failing to file an annual registration statement in violation of R.C. 1716.02 and failing to enter into a written contract with a professional solicitor, and further failing to comply with the requirements of such contract in violation of R.C. 1716.08. Taylor was charged with the same offenses as Hornsby. Hornsby entered pleas of no contest to the charges. Hornsby was subsequently sentenced. Taylor, a Florida resident, has not been arrested or brought to trial on the charges. Further charges may be brought by the prosecutor in the future.

**{¶ 5}** The cause is now before this court on the parties' submitted evidence and briefs, an *in camera* inspection of the subject records, and WLWT's request for an inventory of the sealed records.

———————————

*Frost & Jacobs* and *Richard M. Goehler*, for relator.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *William E. Breyer*, Assistant Prosecuting Attorney, for respondents.

———————————

***Per Curiam.***

**{¶ 6}** WLWT seeks a writ of mandamus compelling respondents to provide access to the requested records. Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act. *State ex rel. Master v. Cleveland* (1996), 75 Ohio St.3d 23, 28, 661 N.E.2d 180, 184 ("*Master I*"). "Exceptions to disclosure are strictly construed against the custodian of the public records, and the burden to establish an exception is on the custodian." *State ex rel. Thomas v. Ohio State Univ.* (1994), 71 Ohio St.3d 245, 247, 643 N.E.2d 126, 128.

**{¶ 7}** Respondents contend that the records are exempt from disclosure as R.C. 149.43(A)(2)(c) work product and R.C. 149.43(A)(4) trial preparation records. R.C. 149.43(A)(1) excepts from the definition of "public record" "confidential law enforcement investigatory record[s]" and "trial preparation record[s]." "Confidential law enforcement investigatory records" include records pertaining to a law enforcement matter of a criminal nature which, if released, would create a high probability of disclosure of "specific investigatory work product." R.C. 149.43(A)(2)(c). "Trial preparation records" are records containing information specifically compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding, including the independent thought processes and personal trial preparation of an attorney. R.C. 149.43(A)(4).

{¶ 8} Information assembled by law enforcement officials in connection with a probable or pending criminal proceeding is, by the work product exception found in R.C. 149.43(A)(2)(c), excepted from required release to the public, as said information is compiled in anticipation of litigation whether or not some of such information may be disclosed to the defendant pursuant to Crim.R. 16. *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, paragraph five of the syllabus. "[W]here it is evident that a crime has occurred, although no suspect has yet been charged, any notes, working papers, memoranda, or similar materials compiled by law enforcement officials in anticipation of a subsequent criminal proceeding are exempt from disclosure as R.C. 149.43(A)(2)(c) work product." *State ex rel. Leonard v. White* (1996), 75 Ohio St.3d 516, 518, 664 N.E.2d 527, 529. Here, shortly after respondents' investigation commenced, it became evident that crimes had occurred. Therefore, most of the sealed records constitute exempt work product, since they were compiled by respondents in anticipation of subsequent criminal proceedings. *Id.*

{¶ 9} Similarly, the requested records are contained in the file of respondent prosecutor, who has prosecuted some of the charged offenses arising from the investigation. Trial preparation records that a criminal prosecutor has disclosed or may disclose to the defendant pursuant to Crim.R. 16 are not thereby subject to release as public records pursuant to R.C. 149.43 and are specifically exempt from release in accordance with R.C. 149.43(A)(4). *Steckman, supra*, at paragraph three of the syllabus.

{¶ 10} Although the sealed investigative records indicate several possible areas of criminal conduct, all of the records are relevant to the respondents' general investigation of the Brotherhood as well as the particular criminal offenses charged thus far. For example, the Brotherhood, Hornsby, and Taylor were charged with violating R.C. 1716.02 by failing to file annual charitable organization registration statements. R.C. 1716.02(A) provides that "[e]very charitable organization, except

those exempted under section 1716.03 of the Revised Code, that intends to solicit contributions in this state by any means or have contributions solicited in this state on its behalf by any other person, charitable organization, commercial co-venturer, or professional solicitor, or that participates in a charitable sales promotion, prior to engaging in any of these activities and annually thereafter, shall file a registration statement with the attorney general upon a form prescribed by him." The investigative records provide evidence of the Brotherhood's solicitation of charitable contributions in Ohio over the course of several years, which is pertinent to the R.C. 1716.02(A) violations. While some of the sealed records have greater relevance to uncharged offenses, this does not alter the records' general relevance to the offenses already charged and their consequent exempt status as work product and trial preparation records.

{¶ 11} WLWT claims that the work product and trial preparation exemptions are inapplicable because Patterson, Hornsby, and Taylor have already been charged with certain crimes and Patterson and Hornsby have been convicted and sentenced. WLWT argues that *Steckman* limits the viability of these exemptions to "pending" criminal matters and that *Leonard* is distinguishable because in that case, no suspect had yet been charged.

{¶ 12} WLWT's contention is meritless. *Steckman* expressly held at paragraph four of its syllabus that "[o]nce a record becomes exempt from release as a 'trial preparation record,' that record does not lose its exempt status unless and until all 'trials,' 'actions' and/or 'proceedings' have been fully completed." Analogously, once applicable, the records continue to be exempt work product until all proceedings are fully completed. See *Steckman*, 70 Ohio St.3d at 437, 639 N.E.2d at 96 ("The records sought by appellant are exempt from disclosure based upon the work product exception of R.C. 149.43[A][2][c]. Accordingly, we hold that a defendant in a criminal case who has exhausted the direct appeals of her or

his conviction may not avail herself or himself of R.C. 149.43 to support a petition for postconviction relief."). *Leonard* did not modify *Steckman*.

{¶ 13} As we explained in *Steckman,* 70 Ohio St.3d at 432, 639 N.E.2d at 92-93:

"This holding may seem harsh but it is not without good reason. *** [W]e still are faced with the situation in which a defendant might be granted a new trial, on his or her petition for postconviction relief. Since the possibility of retrial remains, the defendant, who has obtained records during postconviction proceedings, would have on retrial more information than she or he would be entitled to possess if limited to discovery pursuant to Crim.R. 16. This, of course, could present (at best) an anomalous result."

{¶ 14} In the case at bar, although Patterson and Hornsby have been convicted of and sentenced for certain crimes, further proceedings on these offenses are possible because they could be granted a new trial pursuant to (1) Crim.R. 32.1, permitting the withdrawal of their guilty and no contest pleas, or (2) a petition for postconviction relief under R.C. 2953.21. In addition, Taylor has been charged but remains untried so the possibility of a trial still exists. Therefore, based on *Steckman* and *Leonard*, the vast majority of the requested records are exempt from disclosure as R.C. 149.43(A)(2)(c) work product and R.C. 149.43(A)(4) trial preparation records.

{¶ 15} In addition, the *in camera* review of the sealed records establishes the applicability of other exemptions. R.C. 149.43(A)(2)(a) excepts records that identify persons who have neither been charged with nor arrested for an offense. *Master I,* 75 Ohio St.3d at 30, 661 N.E.2d at 186, citing *State ex rel. Moreland v. Dayton* (1993), 67 Ohio St.3d 129, 130, 616 N.E.2d 234, 236. Many of the sealed records identify uncharged suspects and are exempt under R.C. 149.43(A)(2)(a). The sealed records also include the following exempt records: (1) LEADS printouts, which are exempt under R.C. 149.43(A)(1) and Ohio Adm. Code 4501:2-

10-06, *State ex rel. Master v. Cleveland* (1996), 76 Ohio St.3d 340, 343, 667 N.E.2d 974, 977 (*Master II*); (2) Social Security Numbers, which are exempt under R.C. 149.43(A)(1) and the federal constitutional right to privacy, *State ex rel. Beacon Journal Publishing Co. v. Akron* (1994), 70 Ohio St.3d 605, 640 N.E.2d 164; and (3) grand jury testimony and witness subpoenas, which are exempt under R.C. 149.43(A)(1) and Crim.R. 6(E), *State ex rel. Beacon Journal Publishing Co. v. Waters* (1993), 67 Ohio St.3d 321, 617 N.E.2d 1110.

{¶ 16} WLWT contends that any exemptions are inapplicable because of the numerous media reports concerning the investigation of the Brotherhood. However, nothing in the foregoing exemptions precludes their effectiveness merely because the investigation has been the subject of publicity. Absent evidence that respondents have already disclosed the investigatory records to the public and thereby waived application of certain exemptions, the exemptions are fully applicable. See, *e.g., Master II,* 76 Ohio St.3d at 342-343, 667 N.E.2d at 976; cf. *State ex rel. Zuern v. Leis* (1990), 56 Ohio St.3d 20, 22, 564 N.E.2d 81, 84. Since there is no evidence that the sealed records have been previously released by respondents to the public, WLWT's argument lacks merit.

{¶ 17} WLWT next asserts that respondents must disclose records which are clearly not exempt, *e.g.*, the Patterson indictment. In general, most records contained in a prosecutor's file in a pending criminal matter are exempt. *Steckman,* 70 Ohio St.3d at 431-432, 639 N.E.2d at 92 ("It is difficult to conceive of anything in a prosecutor's file, in a pending criminal matter, that would not be either material compiled in anticipation of a specific criminal proceeding or the personal trial preparation of the prosecutor."). However, not every record contained within a prosecutor's file is exempt. See, *e.g., State ex rel. Mayes v. Holman* (1996), 76 Ohio St.3d 147, 149, 666 N.E.2d 1132, 1134; *State ex rel. Carpenter v. Tubbs Jones* (1995), 72 Ohio St.3d 579, 580, 651 N.E.2d 993, 994. Certain records are unquestionably nonexempt and do not become exempt simply because they are

placed in a prosecutor's file. *State ex rel. Cincinnati Enquirer v. Hamilton Cty.* (1996), 75 Ohio St.3d 374, 378, 662 N.E.2d 334, 338. An examination of the sealed records reveals the following nonexempt records: The Patterson indictment, copies of various Revised Code provisions, newspaper articles, a blank charitable organization registration statement form, the Brotherhood's Yearbook and Buyer's Guide, the transcript of the Hornsby plea hearing, a videotape of television news reports, and a campaign committee finance report filed with the board of elections. Although respondents claim that any records involving Patterson were not requested by WLWT, WLWT's request for any records relating to the Brotherhood was broad enough to encompass the Patterson records. In fact, the Patterson records are included in respondent prosecutor's general investigative file relating to the Brotherhood, and respondents do not object to these records' inclusion in this mandamus action. Thus, the nonexempt Patterson indictment is one of the subject records.

{¶ 18} Therefore, based on the submitted evidence and an *in camera* review of the sealed records, we grant WLWT a limited writ of mandamus compelling respondents to provide access to the previously specified nonexempt records. In all other respects, WLWT's request for a writ of mandamus is denied. WLWT's request for attorney fees is denied because, for the most part, its mandamus action is without merit. See, *e.g., Leonard,* 75 Ohio St.3d at 519, 664 N.E.2d at 530.[1]

*Writ granted in part and*

*denied in part.*

---

1. WLWT filed a motion for an inventory of records filed for *in camera* review "in order to assure a full submission of documents and records ***." However, respondents have provided the court with a sealed index of the submitted records. In addition, as in *Master II,* 76 Ohio St.3d at 343-344, 667 N.E.2d at 977, a review of the sealed investigatory file indicates a thorough investigation by law enforcement officials. There is no evidence that respondents have not submitted all pertinent records for the court's *in camera* review. We therefore deny WLWT's motion.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.