THE STATE EX REL. CLEVELAND POLICE PATROLMEN'S ASSOCIATION, APPELLANT, *v.* CITY OF CLEVELAND ET AL., APPELLEES.

[Cite as *State ex rel. Cleveland Police Patrolmen's Assn. v. Cleveland* (1999), 84 Ohio St.3d 310.]

(No. 98–490—Submitted September 15, 1998—Decided January 13, 1999.)

*Patrick A. D'Angelo, L.L.P.,* and *Patrick A. D'Angelo,* for appellant.

*Sylvester Summers, Jr.,* Cleveland Director of Law, and *Charles E. Hannan,* Assistant Director of Law, for appellees.

PFEIFER, J.   CPPA asserts in its propositions of law that the court of appeals erred in concluding that most of the requested PCIR records were exempt from disclosure despite Officer Pettry's agreement that she will not file an appeal or petition for postconviction relief.   We agree with CPPA's contention and reverse the judgment of the court of appeals.

Once they are determined to be exempt as trial-preparation records or work product, records continue to be exempt until all criminal proceedings are completed.   *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, paragraph four of the syllabus;   *State ex rel. WLWT–TV5 v. Leis* (1997), 77 Ohio St.3d 357, 360, 673 N.E.2d 1365, 1369.   The purpose of the trial-preparation and work-product exemptions is not furthered by continuing these exemptions when the defendant no longer seeks a new criminal trial.   In *Steckman,* 70 Ohio St.3d at 432, 639 N.E.2d at 92–93, and *WLWT–TV5,* 77 Ohio St.3d at 360, 673 N.E.2d at 1369, we found that continuing these exemptions until all criminal proceedings have been completed was harsh but necessary.   Otherwise, the anomaly of a criminal defendant having more information on retrial "than she or he would be entitled to possess if limited to discovery pursuant to Crim.R. 16" would result whenever the possibility of a retrial remained.   *Steckman* at 432, 639 N.E.2d at

93. However, the possibility of a retrial terminates when the defendant agrees not to pursue an appeal or postconviction relief. Accordingly, we hold that records are not exempted from disclosure under R.C. 149.43(A)(1)(g) and (A)(2)(c) by the trial-preparation and work-product exemptions when the criminal defendant who is the subject of the records agrees not to pursue any further proceeding that might result in a new criminal trial, *e.g.*, appeal or postconviction relief.

This conclusion comports with our duty in public records cases to strictly construe exemptions from disclosure under R.C. 149.43 and to resolve any doubts in favor of disclosure of public records. See *State ex rel. Gannett Satellite Information Network, Inc. v. Petro* (1997), 80 Ohio St.3d 261, 264 and 266, 685 N.E.2d 1223, 1227 and 1228.

This court has plenary authority in extraordinary writ cases. *State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm.* (1990), 55 Ohio St.3d 98, 99, 562 N.E.2d 1383, 1384. Based on that authority and the foregoing analysis, we reverse the judgment of the court of appeals and grant the writ of mandamus compelling appellees to provide access to the requested records to appellant upon the submission to appellees of an affidavit of Officer Pettry that she agrees not to pursue an appeal, postconviction relief, or any other proceeding that might result in a retrial of her assault charge.

*Judgment reversed*
*and writ granted.*

Douglas, Resnick and F.E. Sweeney, JJ., concur.

Moyer, C.J., Cook and Lundberg Stratton, JJ., dissent.

---

Cook, J., dissenting. I respectfully dissent. In *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, we held: "Once a record becomes exempt from release as a 'trial preparation record,' that record does not lose its exempt status unless and until all 'trials,' 'actions' and/or 'proceedings' have been fully completed." *Id.* at paragraph four of the syllabus. In *State ex rel. WLWT–TV5 v. Leis* (1997), 77 Ohio St.3d 357, 673 N.E.2d 1365, we applied this rule to R.C. 149.43(A)(2)(c) work-product exemptions, stating: "Analogously, once applicable, the records continue to be exempt work product until all proceedings are fully completed." *Id.* at 360, 673 N.E.2d at 1369. Hence, the rule prior to today was that both trial-preparatory records and confidential law enforcement investigatory work product retain their exempt status under R.C. 149.43 until all possible litigation on a matter is complete.

The majority today creates a new rule. It holds that, regardless of the availability of appeals or postconviction processes, all possible litigation on a matter *will be* complete once one party files an affidavit promising not to pursue such relief. Based upon its new rule, the majority reverses the decision of the appellate court. I disagree with the majority on two main points. First, this newly stated rule circumvents the prior rule and thereby fails to recognize or serve the purposes expressed in *Steckman.* Second, even applying the majority's new rule, CPPA has failed to qualify for the writ and the appellate court should be affirmed.

As to the first point of difference, the majority accurately states that *Steckman*'s purpose in exempting these records from disclosure was to avoid the "anomaly of a criminal defendant having more information on retrial 'than she or he would be entitled to possess if limited to discovery pursuant to Crim.R. 16.'" The majority then concludes that this purpose becomes inapposite where the defendant agrees not to pursue an appeal or postconviction relief. But what if Officer Pettry should nevertheless pursue such relief, as is her statutory right? Should an affidavit filed with the city prevent her from doing so? And if so, how? The majority does not tell us under which rule or statute this affidavit might be enforced. And in a broader context, what happens when otherwise exempt information is released to a litigant who unilaterally swears to pursue no further action on a matter and thereafter is required to *defend* a criminal appeal or a civil proceeding on the subject? Does this not result in the very same "anomaly" cited by the majority and sought to be avoided by *Steckman*? I find the majority's effort to artificially and prematurely "end" all proceedings both unwise and impractical.

As to the second point of difference, even if I were to agree with this newly devised rule, it is not applicable here. Officer Pettry did not file an affidavit stating she would pursue no further relief from her conviction. Her attorney filed an affidavit stating he did not believe Officer Pettry would pursue further relief. Nevertheless, this court grants CPPA the writ on the condition that Pettry file her own affidavit, taking the highly irregular step of granting an extraordinary writ to a party who has thus far failed to qualify. Therefore, even applying the majority's own rule, the appellate court correctly concluded, on the record before it, that further litigation remains a possibility here.

The refusal to grant the writ of mandamus should be affirmed.

MOYER, C.J., and LUNDBERG STRATTON, J., concur in the foregoing dissenting opinion.