[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 577.]

THE STATE EX REL. NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION, OHIO CONFERENCE, ET AL., APPELLANTS, v. OHIO BUREAU OF EMPLOYMENT SERVICES, APPELLEE.

[Cite as *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Serv.*, 2000-Ohio-431.]

*Mandamus action claiming Ohio Bureau of Employment Services failed to comply with its duties under various prevailing wage law provisions of R.C. Chapter 4115—Denial of writ and attorney fees affirmed.*

(No. 99-1759—Submitted March 8, 2000—Decided May 31, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD07-895.

———————————

{¶ 1} In July 1997, appellants, National Electrical Contractors Association, Ohio Conference ("NECA"), its local chapters, and NECA member Royal Electric Construction Corporation ("Royal"), filed a complaint in the Court of Appeals for Franklin County, alleging that appellee, Ohio Bureau of Employment Services ("OBES"), had failed to enforce provisions of R.C. Chapter 4115, which governs the prevailing wage to be paid on public works projects. NECA is a trade association representing electrical contractors throughout Ohio for construction in both public and private works, and NECA members, including Royal, competitively bid on public projects in Ohio in compliance with applicable law, including R.C. Chapter 4115.

{¶ 2} In their complaint, appellants requested a writ of mandamus to compel OBES to (1) investigate and timely act upon all complaints and make determinations and collections of wages due for violations of the prevailing wage law, (2) make a finding whether each violation of the prevailing wage law was intentional, including each determination since the effective date of the statute, (3)

file with the Secretary of State a list containing the names of contractors who intentionally violated the law, and (4) collect the penalties provided for employees and the enforcement fund for each determination since the effective date of the statute. Appellants further demanded a judgment declaring the rights of the parties and an award of attorney fees. OBES moved to dismiss appellants' complaint for failure to state a claim upon which relief can be granted.

{¶ 3} In October 1997, the court of appeals granted the motion and dismissed appellants' complaint. The court of appeals held that it lacked jurisdiction over appellants' declaratory judgment claim and that appellants' mandamus claim was barred by R.C. 4115.16, which provided an adequate remedy in the ordinary course of law.

{¶ 4} On appeal, we reversed and remanded for further proceedings "that portion of the court of appeals' judgment dismissing appellants' mandamus complaint as it relates to cases in which the OBES Administrator timely determines that an intentional violation of prevailing wage law has occurred but fails to impose and collect statutory penalty fees and include the violator's name on the list filed with the Secretary of State." *State ex rel. Natl. Elec. Contrs. Assn. v. Ohio Bur. of Emp. Serv.* (1998), 83 Ohio St.3d 179, 184-185, 699 N.E.2d 64, 68-69 ("*NECA I*"). In the foregoing case, we held that R.C. 4115.16 does not provide an adequate legal remedy. *Id.* at 184, 699 N.E.2d at 68. We affirmed the remainder of the judgment of the court of appeals dismissing appellants' claims. *Id.* Appellants did not move for reconsideration of our judgment.

{¶ 5} On remand, the parties stipulated that "[a]t no time since June 21, 1994 has the OBES's Administrator (or her predecessor in interest the Ohio Director of Industrial Relations * * *), within sixty (60) days of the filing of a prevailing wage complaint, determined that an intentional violation of the prevailing wage law occurred." OBES also filed an answer in which it specifically claimed that under our decision in *NECA I*, the remand was limited to those cases

2

in which the OBES Administrator determined within the R.C. 4115.16(B) sixty-day period that an intentional violation of the prevailing wage law had occurred.

{¶ 6} In September 1999, the court of appeals denied the writ. In *dicta*, the court of appeals opined that there might be additional cases in which R.C. 4115.16 would not constitute an adequate remedy, *i.e.*, those cases in which OBES timely finds a non-intentional violation but does not take any action to collect statutory penalties.

{¶ 7} This cause is now before the court upon an appeal as of right.

_____

*Bricker & Eckler, L.L.P., Luther L. Liggett, Jr.* and *Emmett M. Kelly*, for appellants.

*Betty D. Montgomery*, Attorney General, and *Michael D. Allen*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

{¶ 8} Appellants assert that the court of appeals erred in denying the writ and attorney fees because (1) once OBES determines that a construction contractor violated Ohio's prevailing wage law, mandamus is appropriate to compel the imposition and collection of statutory penalties, and (2) when OBES finds evidence that a construction contractor intentionally violated the prevailing wage law, mandamus lies to compel the issuance of a statement of intent and the submission of the names of these contractors to the Secretary of State. In this regard, appellants claim that the scope of our remand was not limited to those cases in which the OBES Administrator determined within the R.C. 4115.16(B) sixty-day period that an intentional violation of the prevailing wage law had occurred, but instead encompassed other cases, including those mentioned by the court of appeals in its *dicta*.

**{¶ 9}** To the extent that appellants now assert claims that are beyond the limited scope of our *NECA I* remand, *res judicata* precludes our consideration of the merits of appellants' claims. See, *e.g.*, *Holzemer v. Urbanski* (1999), 86 Ohio St.3d 129, 133, 712 N.E.2d 713, 716. In other words, issues beyond the scope of a previous remand are beyond the scope of review following a return of the case from remand. See *State v. Gillard* (1997), 78 Ohio St.3d 548, 549, 679 N.E.2d 276, 279. Therefore, if appellants wanted to raise these claims or argue that our judgment in *NECA I* was partially erroneous, they should have moved for reconsideration of or appealed our judgment in *NECA I*. By not doing so, they are now barred from raising issues beyond the scope of our remand in this appeal. *Gillard*, 78 Ohio St.3d at 549, 679 N.E.2d at 279.

**{¶ 10}** Further, appellants' citation of our discretionary, plenary authority to consider extraordinary writ cases as if they had been originally filed in this court does not alter our conclusion. The court's plenary authority generally refers to our ability to address the merits of a writ case without the necessity of a remand if the court of appeals erred in some regard. See, *e.g., State ex rel. Minor v. Eschen* (1995), 74 Ohio St.3d 134, 138, 656 N.E.2d 940, 944; *State ex rel. Cleveland Police Patrolmen's Assn. v. Cleveland* (1999), 84 Ohio St.3d 310, 312, 703 N.E.2d 796, 797. We have not used our plenary authority to contravene legal doctrines like *res judicata*.

**{¶ 11}** Therefore, the sole claim that is properly before the court is appellants' claim for a writ of mandamus in cases where the OBES timely determines that an intentional violation of prevailing wage law has occurred but fails to impose and collect statutory penalty fees and include the violator's name on the list filed with the Secretary of State. *NECA I*, 83 Ohio St.3d at 184-185, 699 N.E.2d at 68-69. As the court of appeals correctly held, the parties stipulated that this fact pattern has not yet occurred, so appellants are not entitled to a writ of mandamus or an award of attorney fees.

4

**{¶ 12}** Based on the foregoing, because the only potential circumstances specified in our *NECA I* remand that would entitle appellants to extraordinary relief in mandamus have not occurred, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment.

———————————