[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 312.]

THE STATE EX REL. DILLERY, APPELLEE, *v.* ICSMAN, LAW DIR., ET AL.,

APPELLANTS.

[Cite as *State ex rel. Dillery v. Icsman*, 2001-Ohio-193.]

*Public records—R.C. 149.43—Court of appeals erred in granting attorney fees*
*when request for public records was overbroad—Cause remanded to*
*court of appeals to determine attorney fees related to public records*
*request that benefited the public.*

(No. 00-2151—Submitted May 30, 2001—Decided July 18, 2001.)

APPEAL from the Court of Appeals for Erie County, No. E-99-051.

————————————

*Per Curiam.*

{¶ 1} The Sandusky Police Department received several reports about appellee, Kelly Dillery, who is handicapped, riding in a motorized wheelchair on city roads. At times, Dillery allegedly operated her wheelchair on Sandusky streets while her child sat on her lap. Dillery was ultimately charged with being a pedestrian in the roadway and with child endangering.

{¶ 2} On December 3, 1998, Dillery's criminal defense attorney requested that appellant Sandusky Police Chief Robert Runner provide copies of "any and all records generated, in the possession of your department, containing any reference whatsoever to Kelly Dillery." On the same date, a paralegal employed by Dillery's attorney requested that appellant Sandusky Public Works Superintendent Randy Whitman provide copies of records concerning repairs and replacements for certain sections of three city streets from July 26, 1990, until the date of the request. On December 8, 1998, appellant Sandusky Law Director Donald C. Icsman denied both requests because of Dillery's pending criminal charges and referred her to

Crim.R. 16, which governs discovery in criminal proceedings. While her charges were pending, Dillery made no request for discovery under Crim.R. 16.

{¶ 3} In February 1999, the managing editor of the Sandusky Register requested that the city provide him with copies of various records, including all Sandusky police reports concerning Kelly Dillery and a detailed report of all wheelchair-related incidents involving persons other than Dillery. The editor specified that the reports relating to Dillery consist of citations, complaints, and warnings. The city subsequently provided the newspaper with approximately sixty pages of police reports on Dillery.

{¶ 4} Dillery was found not guilty of child endangering and, although she was convicted of being a pedestrian in the roadway, that conviction was reversed on appeal because she had not been prosecuted within the time specified in R.C. 2945.71. See *State v. Dillery* (Mar. 31, 2000), Erie App. No. E-99-027, unreported, 2000 WL 331386.

{¶ 5} On May 28, 1999, Dillery was again charged with being a pedestrian in the roadway, and after she demanded discovery under Crim.R. 16, Sandusky provided her with copies of police reports related to the new charge. The charge was subsequently dismissed upon the request of the city.

{¶ 6} On June 10, 1999, Dillery filed a complaint in the United States District Court for the Northern District of Ohio seeking relief under the Americans with Disabilities Act and other federal statutes. In response to her discovery requests in that action, the city provided Dillery with over three thousand documents.

{¶ 7} On June 16, 1999, Dillery filed a complaint in the Court of Appeals for Erie County. In her complaint, as subsequently amended, Dillery prayed for a writ of mandamus to compel appellants, Icsman, Runner, and Whitman, to provide her with copies of the records that she had requested on December 3, 1998. Appellants subsequently provided Dillery with the requested records, and the court

of appeals ordered evidence and briefing on the issue of whether Dillery was entitled to an award of attorney fees. The court of appeals also ordered Dillery to submit her itemized proposed billing statement for attorney fees.

{¶ 8} The parties filed evidence and briefs, and Dillery submitted a fee statement detailing $9,337.50 in attorney fees for 39.25 billable hours. Dillery's fee statement also listed $719.09 in telephone, copying, mailing, filing, and paralegal expenses.

{¶ 9} In October 2000, the court of appeals entered a judgment in which it found Dillery's mandamus claim moot, but ordered appellants to pay Dillery $5,887.50 (based upon a lower hourly rate) in attorney fees and $719.09 in litigation expenses for a sum of $6,606.59.

{¶ 10} This cause is now before the court upon appellants' appeal as of right and their request for oral argument. The Attorney General has filed an *amicus curiae* brief in support of appellants.

{¶ 11} Appellants assert that the court of appeals erred in granting attorney fees and expenses. In an appeal of a judgment granting or denying fees in a public records case, we review whether the court abused its discretion. See *State ex rel. Mazzaro v. Ferguson* (1990), 49 Ohio St.3d 37, 41, 550 N.E.2d 464, 468. An abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude. *State ex rel. Wilke v. Hamilton Cty. Bd. of Commrs.* (2000), 90 Ohio St.3d 55, 61, 734 N.E.2d 811, 818. For the reasons that follow, we find that the court of appeals abused its discretion in granting attorney fees related to Dillery's first records request, and in granting expenses regarding both requests, and reverse the judgment and remand the cause for further proceedings consistent with this opinion.

{¶ 12} Under the applicable test, "[a] court may award attorney fees pursuant to R.C. 149.43 where (1) a person makes a proper request for public records pursuant to R.C. 149.43, (2) the custodian of the public records fails to comply with the person's request, (3) the requesting person files a mandamus action

pursuant to R.C. 149.43 to obtain copies of the requested records, and (4) the person receives the requested public records only after the mandamus action is filed, thereby rendering the claim for a writ of mandamus moot." *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 661 N.E.2d 1049, syllabus. Appellants concede that the second, third, and fourth requirements of the *Pennington* test have been established.

{¶ 13} Appellants initially contend that the court of appeals erred in awarding fees to Dillery because she did not establish the first *Pennington* requirement, *i.e.*, a proper request for public records. We agree in part.

{¶ 14} Dillery's first request to the Sandusky Police Chief was overbroad. Despite her contentions on appeal that her request was limited to "routine [offense] and incident reports," her request was much more general: "any and all records generated * * * containing any reference whatsoever to Kelly Dillery." Because Dillery did not specify in her first request that she wanted access only to offense and incident reports, she failed in her duty to identify the records she wanted with sufficient clarity. *State ex rel. Taxpayers Coalition v. Lakewood* (1999), 86 Ohio St.3d 385, 391, 715 N.E.2d 179, 185, quoting *State ex rel. Fant v. Tober* (May 20, 1993), Cuyahoga App. No. 63737, unreported, 1993 WL 173743, affirmed (1993), 68 Ohio St.3d 117, 623 N.E.2d 1202.

{¶ 15} Moreover, Dillery's request was so broad that it encompassed records that were exempt from disclosure under the Public Records Act, R.C. 149.43. "Except as required by Crim.R. 16, information assembled by law enforcement officials in connection with a probable or pending criminal proceeding is, by the work product exemption found in R.C. 149.43(A)(2)(c), excepted from required release as said information is compiled in anticipation of litigation." *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, paragraph five of the syllabus.

**{¶ 16}** In *Steckman*, we noted that permitting broad requests for all records in connection with a particular criminal defendant renders Crim.R. 16 meaningless because there is no right of prosecutors for reciprocal discovery under R.C. 149.43. See Crim.R. 16(C); *Steckman*, 70 Ohio St.3d at 428-429, 639 N.E.2d at 90 ("The playing field is not level as there is no reciprocal right of prosecutors to obtain additional discovery beyond Crim.R. 16[C]."). In overruling previous precedent, we observed:

"[C]ourts (and the persons and agencies involved with producing and keeping such records) are regularly faced with demands to release the entire contents of a prosecutor's file *and all the records accumulated and maintained by a police department in connection with a particular defendant* and his or her criminal proceeding. Because of our cases, the exceptions to required disclosure * * * have virtually been rendered meaningless. Additionally, these cases have, for all practical purposes, just about written Rule 16 out of the Criminal Rules. Simply put, *this chaos cannot be permitted to continue*." (Emphasis added in part.) *Steckman*, 70 Ohio St.3d at 431, 639 N.E.2d at 92.

**{¶ 17}** With these considerations in mind, we held that "[i]n the criminal proceeding itself, a defendant may use only Crim.R. 16 to obtain discovery." *Id.* at paragraph two of the syllabus. Dillery violated this holding by broadly requesting all police department records referring to her pursuant to R.C. 149.43 instead of Crim.R. 16.

**{¶ 18}** Dillery's general request to the police chief was improper, a fact that the court of appeals appeared to recognize when it noted that the request "may have been overly broad and may have encroached on the area encompassed by Crim.R. 16." Since that general request was improper, the court of appeals abused its discretion in awarding attorney fees related to that request.

**{¶ 19}** Further, the city's release of police reports to the newspaper did not thereby entitle Dillery to disclosure of these records. The newspaper's request, in

contrast to that of Dillery, specified police reports, including citations and complaints. The record also remains unclear whether the newspaper received all of the police records containing any reference to Dillery. See *State ex rel. WLWT-TV5 v. Leis* (1997), 77 Ohio St.3d 357, 361, 673 N.E.2d 1365, 1369-1370 ("Absent evidence that respondents have already disclosed the investigatory records to the public and thereby waived application of certain exemptions, the exemptions are fully applicable."). Unlike the respondents in *State ex rel. Zuern v. Leis* (1990), 56 Ohio St.3d 20, 564 N.E.2d 81, the case cited by Dillery in support of her claim that appellants waived their right to rely on exemptions, appellants assert that Dillery should have used Crim.R. 16 to obtain the requested records. *Id.*, 56 Ohio St.3d at 21, 564 N.E.2d at 83 ("Nor are we confronted with an argument concerning the relationship between Crim.R. 16 and R.C. 149.43.").

{¶ 20} Dillery's second records request (the request by the paralegal), however, was proper. This request was directed to the city's public works superintendent and specified repair records for certain portions of three named streets. These records are unquestionably public records. The mere fact that these records might have subsequently become relevant to Dillery's criminal cases did not transform them into records exempt from disclosure. " 'Once clothed with the public records cloak, the records cannot be defrocked of their status.' " *State ex rel. Beacon Journal Publishing Co. v. Maurer* (2001), 91 Ohio St.3d 54, 57, 741 N.E.2d 511, 515, quoting *State ex rel. Cincinnati Enquirer v. Hamilton Cty.* (1996), 75 Ohio St.3d 374, 378, 662 N.E.2d 334, 338; see, also, *State ex rel. WLWT-TV5 v. Leis*, 77 Ohio St.3d at 361, 673 N.E.2d at 1370 ("Certain records are unquestionably nonexempt and do not become exempt simply because they are placed in a prosecutor's file.").

{¶ 21} Therefore, Dillery's second request met the *Pennington* factors, and the court of appeals could exercise its discretion to determine whether Dillery was entitled to attorney fees with respect to that request. Relator, however, must still

have demonstrated a sufficient benefit to the public to warrant a fee award, and courts may consider the reasonableness of the custodian's failure to comply, because attorney fees are regarded as punitive. *State ex rel. Gannett Satellite Info. Network v. Shirey* (1997), 78 Ohio St.3d 400, 404, 678 N.E.2d 557, 561; *State ex rel. Findlay Publishing Co. v. Hancock Cty. Bd. of Commrs.* (1997), 80 Ohio St.3d 134, 139, 684 N.E.2d 1222, 1226; *State ex rel. Beacon Journal Publishing Co. v. Maurer*, 91 Ohio St.3d at 58, 741 N.E.2d at 515, quoting *State ex rel. Multimedia, Inc. v. Whalen* (1990), 51 Ohio St.3d 99, 100, 554 N.E.2d 1321, 1322 ("Awarding 'attorney fees in public records cases is discretionary and is to be determined by the presence of a public benefit conferred by [the] relator seeking the disclosure.' ").

{¶ 22} Appellants next contend that the court of appeals abused its discretion by determining that Dillery established a sufficient public benefit from her mandamus action. For the following reasons, we find appellants' contention to have partial merit.

{¶ 23} The court of appeals erred in holding that as long as the request for public records is proper, there is a sufficient public benefit warranting attorney fees, stating:

"Respondent [law director] has throughout this action vigorously attacked the propriety of relator's request for the specified documents. We are compelled to note, however, that while relator's initial documentary request may have been overly broad and may have encroached on the area encompassed by Crim.R. 16, *the second request was clearly proper under the terms of R.C. 149.43. Therefore, we conclude that relator has established a sufficient public benefit and that respondents unreasonably delayed in providing the documents requested, warranting an award of attorney fees*." (Emphasis added.)

{¶ 24} By this holding, the court of appeals improperly converted a discretionary attorney fee award into a mandatory award. See *State ex rel. Olander v. French* (1997), 79 Ohio St.3d 176, 179, 680 N.E.2d 962, 964 ("The award of

attorney fees in a public records case is not automatic."); *Maurer*, 91 Ohio St.3d at 58, 741 N.E.2d at 515.

{¶ 25} Furthermore, in the court of appeals, Dillery initially erroneously claimed automatic entitlement to attorney fees once the *Pennington* factors are met, and she subsequently asserted that she was entitled to attorney fees because she is "just a taxpayer seeking information *for herself*." (Emphasis added.)

{¶ 26} Moreover, Dillery is entitled to fees only insofar as her requests had merit. Dillery is not entitled to fees related to her improperly broad request to the Sandusky Police Chief. See *State ex rel. Ohio Patrolmen's Benevolent Assn. v. Mentor* (2000), 89 Ohio St.3d 440, 448, 732 N.E.2d 969, 977 ("Relators are not entitled to attorney fees concerning those [public records] claims that were meritless."). To the extent that the court of appeals held otherwise, it erred.

{¶ 27} Nevertheless, concerning Dillery's request for street-repair records, she established a sufficient public benefit. The public has an unquestioned right to know about the nature and quality of repairs of city streets as well as the steps a city has taken to comply with the Americans with Disabilities Act. In addition, given the manifestly public nature of these street-repair records, see *Beacon Journal* and *Cincinnati Enquirer*, *supra*, the custodian's failure to comply with Dillery's request was unreasonable and unjustifiable. See *Gannett*, 78 Ohio St.3d at 404, 678 N.E.2d at 561. Therefore, although, as the Attorney General asserts, some of Dillery's belated attempts to specify a public benefit may seem unpersuasive, we find that she has established a cognizable, sufficient public benefit to warrant attorney fees.

{¶ 28} Finally, we have plenary authority to consider extraordinary writ cases as if they originally had been filed here when a court of appeals errs in its judgment. See *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Serv.* (2000), 88 Ohio St.3d 577, 579, 728 N.E.2d 395, 397-398. Given the previously detailed error by the court of appeals in awarding attorney fees related

to an improperly broad records request by Dillery, we exercise this authority to hold that the court of appeals further erred by awarding litigation expenses to Dillery. Except for various court filing fees for prevailing parties, these expenses are not recoverable in public records cases. See *White v. Clinton Cty. Bd. of Commrs.* (1997), 77 Ohio St.3d 1267, 1268, 675 N.E.2d 471, 472; *State ex rel. Plain Dealer Publishing Co. v. Cleveland* (1996), 76 Ohio St.3d 1218, 1218-1219, 667 N.E.2d 1232, 1232-1233.

{¶ 29} Based on the foregoing, the court of appeals erred in awarding attorney fees relating to Dillery's improperly broad records request and further erred in awarding her litigation expenses. Dillery is not entitled to attorney fees concerning the improper records request. Dillery is, however, entitled to attorney fees regarding her meritorious street-repair records request. *State ex rel. Ohio Patrolmen's Benevolent Assn. v. Mentor*, 89 Ohio St.3d at 448-449, 732 N.E.2d at 977-978. On remand, the court of appeals should also determine whether Dillery is entitled to an award of her costs, *i.e.*, her filing fee. Cf. *State ex rel. Reyna v. Natalucci-Persichetti* (1998), 83 Ohio St.3d 194, 198, 699 N.E.2d 76, 79 ("Denying costs to both parties can be appropriate when neither party entirely prevails.").

{¶ 30} Accordingly, we reverse the judgment of the court of appeals to the extent indicated and remand the cause to the court of appeals for further proceedings consistent with this opinion.[1]

*Judgment reversed and cause*
*remanded for proceedings consistent*

---

1. By so holding, we need not consider appellant's claim that Crim.R. 16 cannot be constitutionally superseded by R.C. 149.43. See *State ex rel. Mason v. Griffin* (2000), 90 Ohio St.3d 299, 304, 737 N.E.2d 958, 961-962, quoting *State ex rel. DeBrosse v. Cool* (1999), 87 Ohio St.3d 1, 7, 716 N.E.2d 1114, 1119 (" 'Courts decide constitutional issues only when absolutely necessary.' "). We also deny appellants' request for oral argument. They have not established that oral argument is necessary for the resolution of this appeal. *Evans v. Klaeger* (1999), 87 Ohio St.3d 260, 262, 719 N.E.2d 546, 548, fn. 1.

*with this opinion.*

LUNDBERG STRATTON, J., concurs.

DOUGLAS, F.E. SWEENEY and PFEIFER, JJ., concur in judgment.

MOYER, C.J., and COOK, J., concur in part and dissent in part.

RESNICK, J., not participating.

———————————

**COOK, J., concurring in part and dissenting in part.**

**{¶ 31}** I concur in the judgment and opinion reversing the judgment of the court of appeals awarding Dillery attorney fees for her first request for records "containing any reference whatsoever" to Dillery and in additionally reversing the court's award of her litigation expenses. For the following reasons, however, I respectfully dissent from that portion of the judgment and opinion holding that Dillery is entitled to attorney fees for her request for street-repair records.

**{¶ 32}** In the court of appeals, Dillery neither specifically asserted nor established a cognizable public benefit from her mandamus action. To the contrary, as the majority acknowledges, she initially erroneously claimed automatic entitlement to attorney fees once the *Pennington* factors are met, and she subsequently asserted that she was entitled to attorney fees because she is "just a taxpayer seeking information *for herself*." (Emphasis added.) By so stating, it is evident that Dillery sought release of the street-repair records in this case for her *personal* battle against the city and not for any *public* purpose. See *State ex rel. Olander v. French* (1997), 79 Ohio St.3d 176, 180, 680 N.E.2d 962, 965.

**{¶ 33}** Even in this court, Dillery's belated attempts to specify a public benefit are, as the majority intimates, unpersuasive. In her appellate brief, Dillery claims that the public benefit emanated from her need for these records in order "to fully and accurately respond to questions [from] the various media" and "to see if she had the merits to file a lawsuit in federal court against the city of Sandusky for violating her civil rights under the Americans with Disabilities Act." Although a

public benefit may result from the satisfaction of the public's right to know, *id.*, Dillery is not a member of the media and her asserted interest in informing the public is speculative and unsupported by the record. In addition, at the time she filed her mandamus action, Dillery had *already filed* her action against the city in federal court with claims under the Americans with Disabilities Act, so her attempted justification of needing the records to determine *if* she could file a federal lawsuit is meritless.

**{¶ 34}** Moreover, in considering the reasonableness of the city officials' failure to comply with her street-repair records request, *State ex rel. Gannett Satellite Info. Network v. Shirey* (1997), 78 Ohio St.3d 400, 404, 678 N.E.2d 557, 561, it is significant that whenever Dillery requested records in her cases *in accordance with criminal and civil discovery provisions*, the city timely provided her with access to those records. Given *Steckman*, appellants could have reasonably believed that Dillery's records requests were little more than unfounded attempts to circumvent Crim.R. 16 in her criminal cases or the civil discovery process in her federal case. See *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, at paragraph two of the syllabus; see, also, *State ex rel. WHIO-TV-7 v. Lowe* (1997), 77 Ohio St.3d 350, 354, 673 N.E.2d 1360, 1363, quoting *United States v. Anderson* (C.A.11, 1986), 799 F.2d 1438, 1441 (" 'Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private.' ")

**{¶ 35}** Based on the foregoing, the court of appeals erred in awarding attorney fees and litigation expenses to Dillery. Reversal is therefore warranted, and remand should be limited to the issue of whether Dillery might be entitled to recover her costs, *i.e.*, her filing fee. Because the majority does not deny Dillery's

request for attorney fees regarding her request for street-repair records, I respectfully dissent from that portion of the judgment and opinion.

MOYER, C.J., concurs in the foregoing opinion.

_____

*K. Ronald Bailey & Associates Co., L.P.A.*, and *K. Ronald Bailey*, for appellee.

*Isaac, Brant, Ledman & Teetor*, *Mark R. Weaver* and *Barbara Kozar Letcher*, for appellants.

*Betty D. Montgomery*, Attorney General, and *Stephen P. Carney*, Associate Solicitor, urging reversal for *amicus curiae* Attorney General of Ohio.

_____