{¶ 1} On August 8, 2006, relator Gail Traylor filed a mandamus action against the Clerk of Courts, Juvenile Court Division. In her writ, Traylor states that respondent has refused to provide a copy of all the records, files, journals and other information she requested from the case, In re: Dion Mills, Cuyahoga County Court of Common Pleas Court, Juvenile Court Division, Case No. 9500658. Thereafter, respondent filed a motion to dismiss and on September 19, 2006, Traylor filed a response to the motion to dismiss as well as an amended complaint for writ of mandamus. In her amended complaint, Traylor states that after the court sent her sixteen pages of documents, Traylor sent a second letter requesting a copy of the transcript from the juvenile bind-over hearing which respondent ultimately failed to provide. On October 20, 2006, respondent filed a motion for summary judgment which was opposed by Traylor.
 {¶ 2} The record before this court indicates that on May 1, 2006, Traylor sent a certified letter to respondent, pursuant to R.C. 149.43, and asked for, "a copy of all the records, files and journals, and other information in the case of In the Matter of Dion Mills, Case Number 9500658." In response to that request, on May 9, 2006, respondent sent Traylor copies of the following documents:
 1. Journal entry dated June 27, 1995;
 2. The Juvenile Court`s docket;
 3. A copy of the complaint;
 4. Juvenile Court summary sheets;
 5. Copies of two witness subpoenas;
 6. A copy of the bindover journal entry;
 7. A copy of the case information form.
 {¶ 3} In her complaint, Traylor states, "immediately after not receiving the requested documents, I sent a second letter to the Clerk of Courts, Cuyahoga County Court of Common Pleas, Juvenile Court Division requesting that I be given the documents I requested." While not specifically addressed by her affidavit, the parties agree that in her second letter, Traylor asked for a copy of the transcript from the bind-over hearing. Although Traylor states that her second letter was not responded to, attached to respondent`s motion for summary judgment is an affidavit signed by Mark Majer, the Chief Staff Attorney for the Juvenile Division, which states that on May 25, 2006, he responded to Traylor`s second public records request and informed her that Juv.R. 37(B) prohibited the release of the transcript. A copy of the May 25, 2006 letter was attached to the affidavit. For the following reasons, we grant respondent`s motion for summary judgment.
 {¶ 4} In order for this court to issue a writ of mandamus, Traylor must establish that: 1) she possesses a clear legal right to the relief prayed; 2) the respondent possesses a clear legal duty to perform the requested act; and 3) that Traylor possesses no plain and adequate remedy in the ordinary course of the law. State ex rel. Manson v.Morris (1993), 66 Ohio St. 3d 440, 613 N.E.2d 232, citing State ex rel.Berger v. McMonagle (1983), 6 Ohio St. 3d 28, 451 N.E.2d 225.
 {¶ 5} We will first examine respondent`s refusal to provide the juvenile transcript which seems to be the crux of Traylor`s mandamus complaint. According to R.C. 149.43, and subject to certain conditions, all public records shall be promptly prepared and made available for inspection. However, as provided in R.C. 149.43(A)(1)(v), "As used in this section: `Public record` means any record that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, except that `public record` does not mean any of the following: records the release of which is prohibited by federal or state law."
 {¶ 6} In this matter, respondent argues that Juvenile Rule 37 prevents the release of the transcript. We agree. According Juv.R. 37,
 (A) The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly and delinquent cases; permanent custody cases; and proceedings before magistrates. In all other proceedings governed by these rules, a record shall be made upon request of a party or upon motion of the court. The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device.
 (B) No public use shall be made by any person, including a party, of any juvenile court record, including the recording or a transcript of any juvenile court hearing, except in the course of an appeal or as authorized by order of the court or by statute.[1]
 {¶ 7} In the pleadings before this court, there is no evidence that Traylor requested the transcript for purposes of appeal or that the juvenile court ordered the transcript released. Nor is there any evidence that a particular statute requires the release of the transcript. We also do not find Traylor`s argument in her response to the respondent`s motion for summary judgment persuasive.
 {¶ 8} Furthermore, according to Majer`s affidavit, the Clerk of Courts for the Juvenile Court Division has provided Traylor with all records responsive to her request and that the office has no additional public records to provide. Except for the juvenile court transcript, Traylor has failed to identify with reasonable clarity any additional records that respondent has failed to provide. State ex rel. Dillery v.Icsman, 92 Ohio St.3d 312, 314, 2001-Ohio-193, 750 N.E.2d 156; State exrel. Taxpayers Coalition v. Lakewood, 86 Ohio St.3d 385, 391,1999-Ohio-114, 715 N.E.2d 179; Capers v. White (Apr. 17, 2002), Cuyahoga App. No. 80713; State ex rel. Fant v. Tober (May 20, 1993), Cuyahoga App. No. 63737, affirmed (1993), 68 Ohio St.3d 117, 623 N.E.2d 1202. Consequently, we find that Traylor failed to establish that respondent possessed a duty to release the transcript from the juvenile court bind-over hearing, or failed to produce any additional records pursuant to her request.
 {¶ 9} Accordingly, we deny respondent`s motion to dismiss but grant the motion for summary judgment. Traylor`s petition for a writ of mandamus is denied. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ denied.
ANN DYKE, P. J., and MELODY J. STEWART, J., CONCUR.
[1] The 2001 amendment to Juvenile Rule 37 inserted "or by statute" at the end of Juv.R. 37(B). The 2001 Staff Note discussing this change states that division (B) of this rule was amended to conform the rule with Revised Code section 2151.358(E)(2), which provides for law enforcement personnel to have access to certain juvenile court records. The amendment was not intended to designate juvenile court records as public documents or to enlarge access to juvenile records beyond that specifically designated by a statute directed at juvenile court records.