[Cite as *State ex rel. Parisi v. Heck*, 2013-Ohio-4948.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, EX REL.,<br>GEORGIANNA PARISI | : | Appellate Case No.  25709 |
|  | : |  |
| *Relator* | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| MATHIAS H. HECK, JR.,<br>MONTGOMERY COUNTY<br>PROSECUTING ATTORNEY | : |  |
|  | : |  |
| *Respondent* | : |  |

---

**DECISION AND FINAL JUDGMENT ENTRY**
November 1, 2013

---

PER CURIAM:

{¶ 1}  This matter is before the court on a petition for a writ of mandamus filed by Georgianna Parisi.  Parisi seeks an order from this Court compelling Respondent, Mathias Heck, Jr., the Montgomery County Prosecuting Attorney, to provide copies of public records requested by Parisi as they relate to the grievance filed by Respondent's office against Parisi in August 2011. Specifically, Parisi seeks copies of the grand jury subpoena for her National City business account, in addition to every subpoena issued by a grand jury for the purpose of Respondent's investigation; copies of Respondent's work product in the grievance matter; documents from the law enforcement

automated data system ("LEADS"); and answers to several questions regarding when Respondent issued subpoenas and received information and when the criminal investigation began and ended.

**{¶ 2}** Respondent has moved to dismiss the complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. Parisi has filed a response, to which Respondent has filed a reply.

**{¶ 3}** Upon due consideration, this Court finds Respondent's motion to dismiss well-taken.

**{¶ 4}** A writ of mandamus is an extraordinary remedy that only applies in a limited set of circumstances. *In re State ex rel. Watkins*, 2d Dist. Greene No. 07-CA-80, 2008-Ohio-3877, ¶ 6, quoting *Davenport v. Montgomery Cty.*, 2d Dist. Montgomery No. 21196, 2006-Ohio-2909, ¶ 4. To be entitled to the requested writ of mandamus, Parisi must establish a clear legal right to the documents she requests, a corresponding clear legal duty on the part of Respondent to provide these documents, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Blandin v. Beck*, 114 Ohio St.3d 455, 2007-Ohio-4562, 872 N.E.2d 1232, ¶ 13.

Grand Jury Subpoenas

**{¶ 5}** Respondent argues that grand jury subpoenas are exempt from disclosure under Ohio's public records law. We agree. Crim.R. 6(E) provides an exception to the broad disclosure rights of R.C. 149.43 for " 'matters occurring before the grand jury,' " including but not limited to subpoenas. *State ex rel. Beacon Journal Publishing Co. v. Waters*, 67 Ohio St.3d 321, 324, 617 N.E.2d 1110 (1993). This exception is deeply rooted in public policy demanding that the secrecy attendant to grand jury proceedings must be preserved. *Id.* at 327 (Resnick, J., concurring). And, despite Parisi's argument to the contrary, " 'the interest in secrecy is not eliminated when an

investigation has ended, * * * .' " *Id*., quoting *Pigman v. Evansville Press*, 537 N.E.2d 547, 551 (Ind.App.1989).

{¶ 6} Furthermore, we are not persuaded by Parisi's argument that her particularized need for the subpoenas in this matter outweighs the need to maintain the secrecy of the grand jury proceedings. *Petition for Disclosure of Evidence*, 63 Ohio St.2d 212, 407 N.E.2d 513 (1980). Therein, the supreme court identified Parisi's lawful remedy in circumstances that may warrant the release of grand jury materials: a petition to the court which supervised the grand jury. Our limited review in this action for an extraordinary writ is not comparable to review by a supervisory court, which "is in the best position to assess the need to preserve secrecy over the proceedings." *Id*. at 218.

{¶ 7} Accordingly, Parisi's petition for the production of grand jury subpoenas is DISMISSED.

### Work Product

{¶ 8} In Paragraph 17 of her petition, Parisi refers to a subpoena duces tecum issued on or around October 12, 2012 in the grievance matter before the Board of Commissioners on Grievance and Discipline of the Supreme Court of Ohio filed by the Dayton Bar Association against Parisi. (Case No. 12-060). There, she sought production from Respondent of "any and all documents on any investigation of Georgianna Parisi, including but not limited to work product, all correspondence and email communications between the Prosecutor's office and the Dayton Bar Association, including any employee, agent, or investigator or committee member of either the Dayton Bar Association or the Montgomery County Prosecutor's Office."

{¶ 9} Respondent argues that these documents are exempted from disclosure by

Civ. R. 26(B)(3), which provides for the "discovery of documents, electronically stored information and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative * * * only upon a showing of good cause therefor."

{¶ 10} "[T]he work product doctrine is not intended to remove public records from availability to the public merely because they are also to be used for litigation. Hence, Civ.R. 26(B)(3) does not authorize a governmental unit to except from R.C. 149.43 public records which are otherwise required to be made available for inspection." *State v. Weir*, 10th Dist. Franklin No. 79AP-423, 1980 WL 353222 (Jan. 10, 1980).

{¶ 11} Our inquiry turns to whether the work product documents are otherwise required to be made available for inspection. We conclude they are not. Insofar as the work product documents are related to the grievance filed against Parisi in the supreme court, they are exempted from disclosure under Gov.Bar R. V(11)(E)(1) ("All proceedings and documents relating to review and investigation of grievances made under these rules shall be private," with exceptions not relevant here). *See State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 30.

{¶ 12} Accordingly, Parisi's petition for the production of the work product documents generated for the purpose of the grievance investigation is DISMISSED.

LEADS Documents

{¶ 13} The law enforcement automated data system (LEADS) provides computerized data and communications to the various criminal justice agencies of the state. R.C. 5503.10. Access to the system is limited to certified operators. Ohio Adm.Code 4501:2-10-06(A). Data accessed through LEADS shall not be disseminated to any non-law enforcement agency,

non-criminal justice agency or unauthorized person. Ohio Adm.Code 4501:2-10-06(B). Therefore, LEADS documents are generally exempt under R.C. 149.43(A)(1). *State ex rel. WLWT-TV5 v. Leis*, 77 Ohio St.3d 357, 361, 673 N.E.2d 1365 (1997); *State ex rel. Master v. Cleveland*, 76 Ohio St.3d 340, 343, 667 N.E.2d 974. Parisi has not persuaded this Court that an exception should be made in this case where the data system was used as part of the disciplinary investigation. Parisi's petition for the production of LEADS documents is DISMISSED.

Requests for Information

{¶ 14} In Paragraph 21 of her petition, Parisi refers to an email she sent to Leon Daidone, Chief-Criminal Division of the Montgomery County Prosecutor's Office, on March 26, 2013, in which she asked 1) when Respondent's office issued a subpoena for Parisi's office's business checking account; 2) when Respondent's office received the subpoenaed business checking account information; 3) when the criminal investigation of the LeMoyne and Jackson (subjects of the grievance) matters began; and 4) when the criminal investigation of the Greene, LeMoyne, and Jackson matters ended. Parisi asks for additional documents which she alleges probably exist in Respondent's office regarding when the aforementioned decisions were made.

{¶ 15} This Court does not find the request for information enforceable in mandamus under the Public Records Act. The information she seeks is just that, "information." Parisi has not asked for specific documents which are readily identifiable. "A requester must identify with reasonable clarity the records at issue." *Capers v. White*, 8th Dist. Cuyahoga No. 80713, 2002 WL 753822 (Apr. 17, 2002), citing *State ex rel. Taxpayers Coalition v. City of Lakewood*, 86 Ohio St.3d 385, 715 N.E.2d 179 (1999). Parisi's petition requesting information is DISMISSED.

**{¶ 16}** Upon review of the factual allegations of Parisi's petition for a writ of mandamus, we find that she can prove no set of facts in support of her claim that would entitle her to relief under the Public Records Act. Accordingly, Respondent's motion to dismiss the petition for failure to state a claim is SUSTAINED. Parisi's request for attorney fees is DENIED.

**{¶ 17}** This matter is DISMISSED.

SO ORDERED.

_____
MIKE FAIN, Presiding Judge


_____
JEFFREY E. FROELICH, Judge


_____
MICHAEL T. HALL, Judge


To The Clerk: Within three (3) days of entering this judgment on the journal, you are directed to serve on all parties not in default for failure to appear notice of the judgment and the date of its entry upon the journal, pursuant to Civ.R. 58(B).


_____
MIKE FAIN, Presiding Judge


Copies to:

Georgianna Parisi
Relator/Attorney
257 Regency Ridge Drive
Dayton, Ohio 45459

Carley Ingram
Jon Cumming
Attorneys for Respondent
301 W. Third Street, 5th Floor
Dayton, Ohio 45422

CA3/JN