[Cite as *State v. Heid*, 2014-Ohio-4714.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 14CA3655 |
| Plaintiff-Appellee, | : | |
| v. | : | **ENTRY** |
| Ray S. Heid, | : | |
| | | **RELEASED: 10/22/2014** |
| Defendant-Appellant. | : | |

_____

HOOVER, A.J.,

{¶1}    After reviewing the notice of appeal filed in this matter, we issued an order directing Appellant Ray S. Heid to file a memorandum addressing whether the entry appealed from is a final appealable order. Heid has filed a memorandum arguing that the trial court's entry is a final appealable order because it denies his motion for public records under R.C. 149.43(B)(8).

{¶2}    Initially, Heid had filed a mandamus action in this court seeking to compel the Scioto County Clerk of Courts to turn over certain records to him under R.C. 149.43, the Public Records Act. We dismissed his action because he had failed to show that he had a clear legal right to the records. As an inmate, Heid is required under R.C. 149.43(B)(8) to seek an order from the trial judge who imposed the sentence finding "that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person." Heid had not sought such an order from the trial court and thus did not have a clear legal right to have the records produced.

{¶3}    Since our dismissal of his mandamus action, Heid filed a motion with the trial

court pursuant to R.C. 149.43(B)(8) and the trial court denied his motion.  Heid now appeals the trial court's entry denying his motion for an order finding that the information he sought is necessary to support what appears to be a justiciable claim.

{¶4}    Appellate courts in Ohio have jurisdiction to review the final orders or judgments of inferior courts within their district. Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. A final appealable order is one that affects a "substantial right" and either determines the action or is entered in a special proceeding. R.C. 2505.02(B)(1) & (2). If a judgment is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal.  *Production Credit Assn. v. Hedges,* 87 Ohio App.3d 207, 210 at fn. 2 (4th Dist. 1993); *Kouns v. Pemberton*, 84 Ohio App. 3d 499, 501 (4th Dist. 1992).  A "substantial right" for purposes of R.C. 2505.02 is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). A "special proceeding" is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2).

{¶5}    A trial court's decision denying an inmate's request for an order under R.C. 149.43(B)(8) is a final appealable order under R.C. 2505.02(B)(2) because it affects a substantial right made in a special proceeding.  The right to public records is a "substantial right" that is protected and enforced by the statutory scheme set forth in R.C. 149.43 et seq. and an inmate's application under R.C. 149.43(B)(8) is a "special proceeding." *State ex rel. Rittner v. Barber*, 6th Dist. Fulton App. No. F-05-020, 2006-Ohio-592; see also *State v. Seal,* 4th Dist. Highland App. No. 13CA10, 2014-Ohio-4168; see generally *State v. Rodriguez*, 6th Dist. Wood App. No. WD-10-062, 2011-Ohio-1397; *State v. Reid,* 2nd Dist. Montgomery App. No. 24672, 2012-Ohio-1659; *State v. Rodriguez*, 6th Dist. Wood App.

No.WD-13-030, 2014-Ohio-1453; *State v. Rodriguez*, 12th Dist. Preble App. No. CA2013-11-011, 2014-Ohio-2583("The trial court's decision with respect to whether the inmate established a justiciable claim is reviewed under an abuse of discretion standard.").

{¶6}    Because the trial court's order denying Heid's motion under R.C. 149.43(B)(8) is a final appealable order, this appeal shall proceed forward. The state's motion to dismiss the appeal is hereby **DENIED**.

{¶7}    The clerk shall serve a copy of this order on all counsel of record at their last known addresses. The clerk shall serve appellant by certified mail, return receipt requested.  If returned unserved, the clerk shall serve appellant by ordinary mail.

**IT IS SO ORDERED.**

Abele, P.J. & McFarland, J.:  Concur.


FOR THE COURT


_____
Marie Hoover
Administrative Judge