[Cite as *State v. Long*, 2018-Ohio-4194.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170529 |
| | | TRIAL NO. B-0402803 |
| Respondent-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| JOHN LONG, | : | |
| Petitioner-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  October 17, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*John W. Long,* pro se.

Per Curiam.

{¶1} Petitioner-appellant John Long appeals the Hamilton County Common Pleas Court's judgment denying his "Request for Leave to Request Public Records Pursuant to ORC 149.43(B)(8) and * * * *State ex rel. Caster v. City of Columbus.*" We reverse the court's judgment.

{¶2} Long was convicted in 2004 of murder. We affirmed his conviction on direct appeal. *State v. Long*, 1st Dist. Hamilton No. C-040643 (Oct. 26, 2005), *appeal not accepted*, 108 Ohio St.3d 1489, 2006-Ohio-962, 843 N.E.2d 794. And after remanding for correction of his sentence in 2010, *see State v. Long*, 1st Dist. Hamilton No. C-100285, 2010-Ohio-6115, we affirmed the denial of postconviction petitions filed between 2012 and 2014. *See State v. Long*, 1st Dist. Hamilton No. C-140420 (Mar. 20, 2015); *State v. Long*, 1st Dist. Hamilton Nos. C-130566 and C-130605 (June 13, 2014), *appeal not accepted*, 140 Ohio St.3d 1466, 2014-Ohio-4629, 18 N.E.3d 446; *State v. Long*, 1st Dist. Hamilton No. C-120521 (Apr. 24, 2013), *appeal not accepted*, 136 Ohio St.3d 1476, 2013-Ohio-3790, 993 N.E.2d 779.

{¶3} In 2015, Long again filed with the common pleas court a petition for postconviction relief pursuant to R.C. 2953.21 et seq., seeking relief from his conviction on grounds of prosecutorial misconduct and ineffective assistance of trial counsel. In his 2015 postconviction petition, Long asserted that evidence outside the trial record, in the form of a stranger's unsolicited letter to him and a written report submitted to his trial counsel by an investigator assigned to his case, revealed the existence of statements made by eyewitnesses to law enforcement that exonerated him in the murder. He sought relief from his conviction on the grounds of prosecutorial misconduct, in failing to disclose that exculpatory evidence in discovery, and ineffective assistance of counsel, in failing to discover the evidence and present it in his defense.

{¶4} Then, in 2016, in an effort to gain access to information contained in public records to support his pending postconviction claims, he filed with the common pleas court his "Request for Leave to Request Public Records." The court denied the request upon its determination that Long "failed to demonstrate under R.C. 149.43(B)(8) that he is entitled to the records."

{¶5} In this appeal, Long advances a single assignment of error contending that the common pleas court erred in denying his "Request for Leave to Request Public Records." We agree.

### *Jurisdiction*

{¶6} We determine, as a preliminary matter, that the common pleas court's entry denying Long an R.C. 149.43(B)(8) justiciable-claim finding constituted a final appealable order, because it was entered in a special proceeding and affects a substantial right. *See* R.C. 2505.03(A); 2505.02(B)(2). *Accord State v. Heid*, 4th Dist. Scioto No. 14CA3655, 2014-Ohio-4714, ¶ 4-6.

### *An Inmate's Access to Public Records*

{¶7} Ohio's Public Records Act, R.C. 149.43 ("the Act"), mandates that public records be made accessible and available upon request. R.C. 149.43(B)(1). Courts are to construe the Act's provisions liberally in favor of broad access, resolving any doubt in favor of disclosure of public records. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office,* 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 16.

{¶8} The Act's grant of broad access to public records does not, however, extend to a convicted inmate seeking public records pertaining to his prosecution or the investigation leading to his prosecution. Under R.C. 149.43(B)(8),

> A public office or person responsible for public records is not required
>
> to permit a person who is incarcerated pursuant to a criminal
>
> conviction * * * to inspect or to obtain a copy of any public record

3

concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

See *State ex rel. Russell v. Thornton,* 111 Ohio St.3d 409, 2006-Ohio-5838, 856 N.E.2d 966, ¶ 14 (construing similarly-worded former R.C. 149.43(B)(4) to declare that R.C. 149.43(B)(8) evinces the General Assembly's "public-policy decision to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources").

### A Justiciable Claim

{¶9} Under the Act, a convicted inmate is entitled to access to information pertaining to his investigation or prosecution only after he has secured from his sentencing judge or the judge's successor a "finding * * * that 'the information sought in the public record is necessary to support what appears to be a justiciable claim'." *Thornton* at ¶ 16. Long's "Request for Leave to Request Public Records," filed with the common pleas court before which his postconviction petition is pending, can only be read as a request, preliminary to a public-records request, for a justiciable-claim finding. And the court, in denying that request, must be said to have determined that Long failed to demonstrate that he was entitled to that finding. We disagree with that conclusion.

{¶10} While the Act itself does not define a "justiciable claim," Ohio courts have described a "justiciable claim" as one that is "properly brought before a court of justice for relief." *See State v. Askew*, 2017-Ohio-1512, 89 N.E.3d 55, ¶ 11 (11th

Dist.); *State v. Seal*, 4th Dist. Highland No. 13CA10, 2014-Ohio-4168, ¶ 8; *State v. Rodriguez*, 12th Dist. Preble No. CA2013-11-011, 2014-Ohio-2583, ¶ 14; *State v. Wilson*, 2d Dist. Montgomery No. 23734, 2011-Ohio-4195, ¶ 9; *see also State v. Dowell*, 8th Dist. Cuyahoga No. 102408, 2015-Ohio-3237, ¶ 7 (holding that a "justiciable" claim is a claim that is "capable of affording appropriate relief"). The statute's requirement may be satisfied by "identifying 'a pending proceeding with respect to which the requested documents would be material.' " *Wilson* at ¶ 5, quoting *State v. Gibson*, 2d Dist. Champaign No. 06-CA-37, 2007-Ohio-7161, ¶ 14. *Accord Dowell* at ¶ 7; *Seal* at ¶ 8; *Rodriquez* at ¶ 14; *see also Askew* at ¶ 11-12 (holding that a "justiciable claim" may be demonstrated by, but need not be, a pending claim).

{¶11} Long filed his "Request for Leave to Request Public Records" with the common pleas court in connection with his pending 2015 postconviction petition. In his request, he sought leave to request access to allegedly exculpatory eyewitness statements to law enforcement that had not been disclosed in discovery or presented at trial. Those statements were material to the prosecutorial-misconduct and ineffective-counsel claims advanced in his petition.

{¶12} And his prosecutorial-misconduct and ineffective-counsel claims were cognizable under R.C. 2953.21 et seq. The claims sought relief from his murder conviction based on alleged constitutional violations during the proceedings leading to that conviction. *See* R.C. 2953.21(A)(1). The claims were not subject to dismissal under the doctrine of res judicata, because they depended for their resolution upon evidence outside the trial record. *See State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶13} Further, R.C. 2953.23(A)(1) provides jurisdiction to entertain a late or successive postconviction petition if the petitioner demonstrates that he had been unavoidably prevented from discovering the facts upon which his postconviction

claim depends, and that the alleged constitutional error was outcome-determinative. In his petition, Long invoked the jurisdiction conferred under R.C. 2953.23 to entertain a late and successive postconviction petition by alleging outcome-determinative constitutional errors and by arguing that the R.C. 149.43(A)(2)(c) exception to public-records access had precluded his access to necessary records until 2016, when the Ohio Supreme Court held that the exception did not extend past the completion of the criminal procedure for which the requested information had been gathered. *See State ex rel. Caster v. Columbus*, 151 Ohio St.3d 425, 2016-Ohio-8394, 89 N.E.3d 598, ¶ 47, overruling in part *State ex rel. Steckman v. Jackson,* 70 Ohio St.3d 420, 639 N.E.2d 83 (1994), and *State ex rel. WLWT–TV5 v. Leis,* 77 Ohio St.3d 357, 673 N.E.2d 1365 (1997).

### *We Reverse*

{¶14} We, therefore, hold that the common pleas court erred in denying Long's request for, because he had established an entitlement to, a finding for purposes of R.C. 149.43(B)(8) that "the information sought in the public record is necessary to support what appears to be a justiciable claim." This is not a statement on whether we believe that information exists, on whether it is in the possession of any agency from which Long might seek it, or on the underlying merits of his postconviction petition. We hold only that he is entitled to the finding required for him to make a public-records request. Accordingly, we sustain the assignment of error, reverse the court's judgment denying that finding, and remand for an entry conforming to the requirements of the statute.

Judgment reversed and cause remanded.

MOCK, P.J., MYERS and DETERS, JJ.

Please note:

The court has recorded its own entry on the date of the release of this opinion.