[Cite as *State v. Long*, 2019-Ohio-4857.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180541 |
| | | TRIAL NO. B-0402803 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| JOHN LONG, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: November 27, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*John W. Long*, pro se.

**MYERS, Judge.**

{¶1} Defendant-appellant John Long appeals the Hamilton County Common Pleas Court's entry denying his 2018 application under R.C. 2953.71 et seq. for DNA testing of biological evidence found at the scene of Amerrintha Spikes's murder and overruling his motions for appointed counsel and an evidentiary hearing on the application. We affirm the court's judgment.

{¶2} Long was convicted of murder in 2004 for the stabbing death of Spikes. We affirmed his conviction on direct appeal. *See State v. Long*, 1st Dist. Hamilton No. C-040643 (Oct. 26, 2005), *appeal not accepted*, 108 Ohio St.3d 1489, 2006-Ohio-962, 843 N.E.2d 794; *see also State v. Long*, 1st Dist. Hamilton No. C-100285, 2010-Ohio-6115 (remanding for correction of postrelease control). And we affirmed the overruling of postconviction petitions filed between 2012 and 2014. *See State v. Long*, 1st Dist. Hamilton Nos. C-130566 and C-130605 (June 13, 2014), *appeal not accepted*, 140 Ohio St.3d 1466, 2014-Ohio-4629, 18 N.E.3d 446; *State v. Long*, 1st Dist. Hamilton No. C-140420 (Mar. 20, 2015); *see also State v. Long*, 1st Dist. Hamilton No. C-170529, 2018-Ohio-4194 (remanding for entry of justiciable-claim finding for public-records request in connection with a 2015 postconviction petition).

*2010 DNA-Testing Application*

{¶3} Long first applied for DNA testing of crime-scene evidence in 2010. We dismissed his appeal from the entry rejecting that application, because that entry did not include the statutorily mandated reasons for the court's decision and thus did not constitute a final appealable order. *State v. Long*, 1st Dist. Hamilton No. C-110139, 2011-Ohio-6381.

{¶4} In 2012, Long "supplement[ed]" his 2010 application with additional argument and asked the common pleas court to enter a final appealable order. Specifically, he sought DNA testing of blood found at the crime scene, leading away

2

from Spikes's body. That blood, he insisted, was not his, and a DNA-test result excluding him as a source of the blood would exonerate him in her murder, because the blood could only have come from a cut on the murderer's hand.

{¶5} The common pleas court entered judgment rejecting the 2010 application upon its conclusion that a DNA-test result excluding Long as a source of the blood would not have been outcome-determinative. We affirmed that judgment upon our determination that the court did not abuse its discretion in rejecting the application on that ground. *See State v. Long*, 1st Dist. Hamilton No. C-120521 (Apr. 24, 2013), *appeal not accepted*, 136 Ohio St.3d 1476, 2013-Ohio-3790, 993 N.E.2d 779.

*2018 DNA-Testing Application*

{¶6} In 2018, Long again applied for DNA testing. And he separately moved for appointed counsel and an evidentiary hearing on the application.

{¶7} In his application, submitted on a form provided by the Ohio Attorney General, Long admitted that the application was "not so much about actual DNA testing," but instead sought disclosure of forensic-evidence test results and DNA profiles that had been submitted to CODIS, but had not been provided in discovery. He also conceded that the application was "successive," and that "it [had been] determined in the previous proceedings that the items of evidence [requested had] been destroyed." The common pleas court rejected the application and overruled the motions, because the application was successive, the proceedings on the previous application had revealed that the subject evidence either no longer, or had never, existed, and even if that evidence did exist, an exclusion result would not be outcome-determinative.

{¶8} In this appeal, Long presents four assignments of error that, together, challenge the rejection of his 2018 DNA-testing application and the overruling of his motions for appointed counsel and an evidentiary hearing. We find no merit to these

3

challenges.

{¶9} R.C. 2953.71 et seq. permits submission by an eligible offender of an application for DNA testing. A court may accept the application only upon satisfaction of the criteria set forth in R.C. 2953.74, that is, only if the court "determines," among other things, "that, if DNA testing is conducted and an exclusion result is obtained, the results of the testing will be outcome determinative regarding that offender." *See* R.C. 2953.74(C)(5).

{¶10} R.C. 2953.72(A)(7) further requires submission with the application of a signed form containing the offender's "acknowledgement * * * [t]hat, if the court rejects [the] application for DNA testing because the offender does not satisfy the acceptance criteria described in [R.C. 2953.72(A)(4) and set forth in R.C. 2953.74], the court will not accept or consider subsequent applications." The Ohio Supreme Court has read R.C. 2953.72(A)(7) to "bar[]" a subsequent application if a previous application was rejected for failure to satisfy the R.C. 2953.74 acceptance criteria. *State v. Noling*, 136 Ohio St.3d 163, 992 N.E.2d 1095 (2013).

{¶11} Long provided the R.C. 2953.72(A)(7) acknowledgment with his 2010 application for DNA testing. The common pleas court rejected that application upon its determination that Long had failed to satisfy the R.C. 2953.74(C)(5) acceptance criterion of an outcome-determinative exclusion result. Because the 2010 application did not satisfy the R.C. 2953.74(C)(5) acceptance criterion, R.C. 2953.72(A)(7) barred the common pleas court from considering or accepting the 2018 application. Therefore, the court properly declined to do so.

{¶12} Also, in reviewing and determining whether to accept or reject an application, the court may, but is not required to, conduct an evidentiary hearing. *See* R.C. 2953.73(D). Thus, the common pleas court did not err in not holding a hearing on Long's 2018 application. And because the court was barred from considering the application, we cannot say that the failure to conduct a hearing

4

constituted an abuse of discretion.

{¶13} Finally, neither the state nor the federal constitution confers upon an indigent prisoner a right to counsel for a collateral attack upon a conviction. *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *State v. Crowder,* 60 Ohio St.3d 151, 573 N.E.2d 652 (1991), paragraph one of the syllabus. Nor do the DNA-testing statutes afford a right to appointed counsel. *Compare* R.C. 2953.21(J)(1) (requiring appointed counsel for a person sentenced to death intending to file a petition under R.C. 2953.21 for postconviction relief). Thus, Long did not have a statutory or constitutional right to appointed counsel for his postconviction DNA-testing application. And the common pleas court did not err in failing to appoint counsel.

### We Affirm

{¶14} The common pleas court properly denied Long's 2018 application for DNA testing and overruled his motions for appointed counsel and an evidentiary hearing. Accordingly, we overrule the assignments of error and affirm the court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **CROUSE, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

5